STATE OF VERMONT

SUPERIOR COURT  
Windsor Unit

CIVIL DIVISION  
Docket No. 129-2-14Wrcv

BIRMINGHAM & MOORE, PC,  
MATTHEW T. BIRMINGHAM, III  
and OKEMO REALTY, INC.,  
    Plaintiffs

v.

ATTORNEYS LIABILITY PROTECTION  
SOCIETY A/K/A ALPS,  
    Defendant

RECEIVED  
BURLINGTON, VT

JUN - 6 2014  
1:14-cv-107  
CLERK'S OFFICE  
U.S. DISTRICT COURT

COMPLAINT AND DEMAND FOR TRIAL BY JURY

Now come Plaintiffs herein, and complain against Defendant as follows.

1. Plaintiff Birmingham & Moore, PC is a professional corporation duly organized and existing pursuant to the laws of the State of Vermont.

2. Plaintiff Okemo Mountain Realty, Inc. is a corporation duly organized and existing pursuant to the laws of the State of Vermont.

3. Upon information and belief, Defendant Attorneys Liability Protection Service ("ALPS") is a corporation licensed to do business in the State of Vermont.

4. ALPS provided professional liability coverage to the limit of one million dollars to Plaintiff Birmingham & Moore, PC via policy number ALPS5218-11 ("the Policy") for, *inter alia*, the period of June 1, 2011 to June 1, 2012, which was a renewal of a policy continuously in effect from ten or more years, on a purported "claims-made-and-reported" basis, not an occurrence basis.

5. On or about May 31, 2012 Plaintiff Birmingham & Moore, PC and Matthew T. Birmingham, III, both insureds under the Policy, put ALPS on notice of a potential claim by Plaintiff Okemo Mountain Realty, Inc. ("ORI") arising from the rendition of a legal opinion by insured Matthew T. Birmingham several years earlier to the effect that a Certificate of Public Good ("CPG") was not needed by ORI's condominium development, known as "Ledgewood," to provide water to the condominium homeowners' association.

6. Thereafter, Birmingham & Moore, PC continued to represent ORI in a variety of matters.

BIRMINGHAM & MOORE, P.C.  
ATTORNEYS AT LAW  
P.O. BOX 247  
LUDLOW, VERMONT  
05149-0247

7. Upon information and belief, in or about March, 2008 Ledgewood filed a complaint with the Department of Public Service ("DPS") seeking, *inter alia*, a declaration that a CPG was in fact required for the development.

8. Birmingham & Moore, PC continued its representation of ORI, including in regard to the DPS complaint, for some time thereafter.

9. In or about March, 2012 ORI settled with the Complainant prior to resolution of the DPS complaint, pursuant to the advice of an independent law firm to which Birmingham & PC had referred ORI.

10. On or about September 28, 2012 ORI sent a demand letter to Birmingham & Moore, PC in substance demanding indemnity from the latter for sums expended in defense and settlement of the DPS claim.

11. Birmingham & Moore, PC promptly forwarded this letter to ALPS, and provided additional information on the claim on or about October 31, 2012.

12. ALPS assigned a claims adjuster, who failed to respond to the claim.

13. In light of the lack of response from ALPS, Birmingham & Moore, PC contacted ALPS by phone, and was advised that the adjuster assigned to the claim was no longer employed by ALPS, but indicated that another claims adjuster would be assigned.

14. No further communication was received from ALPS, so on December 10, 2012 Birmingham & Moore, PC again contacted ALPS, seeing information on the new adjuster, noting the potential adverse reputation impact on the insured in the event of formal suit being filed, and seeking a pre-suit mediation for early resolution which would avert defense costs.

15. Subsequent to an additional follow-up, on December 20, 2012 Birmingham & Moore, PC managed to speak with a person at ALPS, by the name of "Jim M. Mickelson", who bore the title "Seniors Claims Attorney".

16. Mr. Mickelson, on that date, assured Birmingham & Moore, PC that a new ALPS adjuster would be assigned immediately to adjust the claim, and who requested re-sending of claim notices and information previously submitted.

17. Mr. Mickelson further advised Birmingham & Moore, PC that the prior claim notice had been lost in cyberspace, stating that "our IT people and they did confirm that our server is having problems with "gmail" and they have been working with Microsoft on a fix."

18. By fax of December 20, 2012 Birmingham & Moore, PC provided all information (again) that had been requested, and reiterated its hope "to situate this for a pre-suit mediation if you think that is appropriate, given the adverse reputation impact on your insured should

suit actually be filed," and requested to know "when we might expect your assessment on our request for pre-suit mediation."

19. Thereafter, ALPS solicited additional information from its insured, including the ORI file giving rise to the claim, which Birmingham & Moore PC provided in full, reasonably relying on ALPS' representations that it needed the information to adjust the claim being asserted by ORI.

20. On December 26, 2012 ALPS communicated to Birmingham & Moore, PC as follows: "I have now had a chance to review the materials you faxed to us yesterday and the demand from Okemo Realty regarding the issues involving the "Certificate of Public Good" (CPG) and Ledgewood. Based upon this preliminary review, I need to obtain a complete copy of the Insured's file for review. … The initial allegation is that Okemo relied upon an opinion written in 1990 by Mr. Birmingham stating that Okemo did not need a CPG to charge Ledgwood for use of a water system. … If that is the only allegation of error then there would be not coverage for this claim. However, I also note that there is some indication our Insured continued to advise Okemo over the years and may have participated in the defense of the action brought by Ledgewood before the Public Service Board (PSB). ALPS has no information regarding the extent of representation and we need to investigate the claim before we can decide how to respond. I would also ask for some information regarding the decision of Okema to settle with Ledgewood and whether the claims before the PSB could have been won in which case there would be no error on the part of the Insured. The voluntary settlement of the matter by Okema may preclude a malpractice claim. … I would also appreciate it if you could provide a copy of the referenced PSB decision which states the requirement for the CPG. Please understand we need the additional information to be able to assess and investigate this matter. ***Once we have the documents we can better respond to the demand.***" (Emphasis added.)

21. Birmingham & Moore, PC, reasonably relying on ALPS' representations that it needed more information to "better respond to the demand" and that it was assessing whether the "voluntary settlement of the matter by Okemo may preclude a malpractice claim", provided the copy of the file requested by ALPS.

22. By letter dated February 27, 2013 ALPS advised Birmingham & Moore, PC that it was denying all coverage under the policy on the grounds that the insured "had become aware of "an act, error or omission that could reasonably be expected to give rise to a claim at least two years prior to the report of this matter to ALPS."

23. Regardless of the exact dates of the insured's awareness vis-à-vis "the report of this matter to ALPS", ALPS did not suffer substantial prejudice from the timing of the reporting.

24. Upon information and belief, ALPS based its denial of coverage on information it solicited from its insured under false pretenses, specifically, that it needed such information to adjust the claim, all the while failing to disclose that it was actually seeking and utilizing such information to establish a basis to deny coverage.

BIRMINGHAM & MOORE, P.C.
ATTORNEYS AT LAW
P.O. BOX 247
LUDLOW, VERMONT
05149-0247

25. Upon information and belief, ALPS violated its duty to establish a "Chinese wall" between claims and coverage, instead improperly misleading its insured into believing that ALPS was seeking information from its insured to assess its insured's request for pre-suit mediation and otherwise defend the claim, when it fact ALPS was soliciting and utilizing information from its insured to establish a pretextual basis to deny coverage for the claim.

26. In light of the abandonment by ALPS of its insured, Birmingham & Moore, PC entered into an agreement with ORI by virtue of which Birmingham & Moore, PC assigned a portion of its rights and interest under the Policy to ORI. Specifically, Birmingham & Moore, PC and Matthew T. Birmingham, III retained whatever rights to a defense it had or may have had under the Policy, but assigned to ORI whatever indemnity rights it may have had under the Policy vis-à-vis the ORI claim against Birmingham & Moore, PC and/or Matthew T. Birmingham, III.

27. As a direct, proximate and foreseeable result of the conduct of ALPS *inter alia* as described above, Plaintiffs have suffered and continued to suffer consequential and pecuniary damages, including investment of time and expertise; lost profits; incurrence of attorneys' and other fees; and otherwise.

## COUNT I: BREACH OF CONTRACT

28. Plaintiffs reassert the allegations set forth in preceding paragraphs as if fully set forth herein.

29. Defendant's conduct constitutes a breach of the insuring agreement, including but not limited to a breach of the implied covenant of good faith fair dealing.

30. Defendant's interpretation of its coverage obligations, and/or the operative provisions of the "claims-made-and-reported" professional liability insurance product it sold to Plaintiffs Birmingham & Moore, PC and Matthew T. Birmingham, III, are unconscionable and should be denied enforcement in the circumstances presented in the instant matter.

## COUNT II: NEGLIGENCE

31. Plaintiffs reassert the allegations set forth in preceding paragraphs as if fully set forth herein.

32. Defendant's conduct *inter alia* as described above constitutes a deviation from the standard of care of reasonably prudent insurers in similar circumstances.

33. A special relationship existed between Plaintiffs Birmingham & Moore, PC and Matthew T. Birmingham, III, on the one hand, and Defendant on the other hand, in which Plaintiffs

reasonably relied on the representations and expertise of Defendant in regard to provision and renewal of coverage and adjustment of claims.

## COUNT III: DECLARATORY JUDGMENT

34. Plaintiffs reassert the allegations set forth in preceding paragraphs as if fully set forth herein.

35. Plaintiffs respectfully request the Honorable Court to declare the respective rights and liabilities of the parties in regard to the facts, claims and Policy described above.

Wherefore, it is respectfully requested that the Honorable Court enter judgment in an amount sufficient to compensate Plaintiffs for their consequential damages, together with interest thereon, and their costs; to declare the respective rights and liabilities of the parties; and for such other and further relief as the Court deems just.

Dated this 26th day of February, 2014.

By: _____
Matthew T. Birmingham
For Birmingham & Moore, P.C.
Birmingham & Moore
71 Main Street, PO Box 247
Ludlow, VT 05149
Phone: (802) 228-4444
Fax: (802) 228-2393