UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| BIRMINGHAM & MOORE, P.C., : | |
| MATTHEW T. BIRMINGHAM, III, : | |
| and OKEMO REALTY, INC., : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | No. 1:14-cv-107-jgm |
| : | |
| ATTORNEY LIABILITY : | |
| PROTECTION SOCIETY, a/k/a ALPS, : | |
| : | |
| Defendant. : | |
| _____ : | |

ORDER
(Doc. 11)

Defendant Attorneys Liability Protection Society ("ALPS") filed a notice of removal to this Court on May 27, 2014. (Doc. 1.) Plaintiffs Birmingham & Moore, P.C. and Matthew T. Birmingham, III ("Birmingham") oppose removal and request a remand to Vermont Superior Court, contending that ALPS has not established diversity jurisdiction. (Doc. 11.) For the reasons below, Birmingham's motion is denied.

The removing party bears the burden of establishing jurisdiction. Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir. 2000). Diversity of citizenship exists because ALPS is a Montana corporation and the plaintiffs are two Vermont corporations and one Vermont citizen. See 28 U.S.C. § 1332(a)(1). As for the amount in controversy, ALPS must establish to a "reasonable probability" that the claim exceeds the $75,000 jurisdictional amount. Mehlenbacher, 216 F.3d at 296.

In 2012, Birmingham received a demand letter from former client Okemo Realty, Inc. ("Okemo") alleging malpractice. (Doc. 5 ¶ 5.) Birmingham informed its insurer, ALPS, who denied coverage. Id. ¶ 22. Birmingham "assigned a portion of its rights and interest" under its policy to Okemo and sued ALPS, seeking a declaratory judgment and alleging breach of contract and negligence. Id. ¶ 26. The complaint does not state what amount of damages the plaintiffs seek, but as ALPS notes, Okemo's 2012 letter alone demands $123,480 from Birmingham. Doc. 13-2 at 2; see United Food & Commercial Workers Union Local 919 v. CenterMark Properties Meriden Square, Inc., 30 F.3d 298, 306 (2d Cir. 1994) ("Where the pleadings themselves are inconclusive . . . courts may look outside those pleadings to other evidence in the record."); Vermande v. Hyundai Motor Am., Inc., 352 F. Supp. 2d 195, 200 (D. Conn. 2004) (considering a settlement letter in determining the amount in controversy) (citing cases). The Court finds ALPS has satisfied the amount in controversy requirement to a reasonable probability.

Plaintiffs' motion for remand to the Windsor Unit, Civil Division, of the Vermont Superior Court (Doc. 11) is DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 15th day of July, 2014.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge